Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2009 JUL -1 AM 9: 00

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM | ) CRIMINAL CASE NO. CF0575-08 |
| vs. | ) |
| ANTONIO R. RUDA, | ) DECISION AND ORDER |
| Defendant. | ) |

This matter came before the Honorable Alberto C. Lamorena III on May 29, 2009 on Defendant's Motion for Diversion. Attorney Sally A. Tobin appeared on behalf of the People of Guam. Appearing on behalf of Defendant was Attorney Jeffery L. Warfield. After reading the parties' briefs, the Court took the matters under advisement. The Court now issues its Decision and Order.

### FACTUAL HISTORY

On December 10, 2008, the Defendant was arrested and subsequently charged with two counts of Aggravated Assault and Family Violence as a Third Degree Felony, with Special Allegations of Use of a Deadly Weapon, that is, a chair and a stick, and three counts of Assault and Family Violence as a Misdemeanor.

### DISCUSSION

Though Defendant is statutorily eligible for diversion under Title 9 G.C.A. §30.80(a), the People object to Defendant's motion pursuant to Title 9 G.C.A. §30.80(d), arguing that

-1-

Defendant inflicted serious bodily injury upon the victims. Defendant argues that he is in need of treatment and educational programs, and that the victims support the Defendant's motion.

The Court has the discretion, under Title 9 G.C.A. §30.80(e), to consider an application for the diversion process from the Defendant. Under §30.80.1(a), the Court considers the nature and extent of the injury inflicted upon the victim, any prior incidents of family violence by the Defendant, and any factors which would adversely influence the likelihood of successful completion of the diversion process.

Defendant had been arrested for aggravated assault in 2005, however no charges were filed. Alcohol was alleged to be a factor in the instigation of the incident. Two of the five victims in this matter have submitted declarations that they did not suffer serious bodily injury. While the People have alleged bodily injury, none of the injuries alleged appear to qualify as serious bodily injury as defined in Title 9 G.C.A. §16.10(c). No factors have been presented that would weigh against successful completion of the diversion process. The Court believes that the rigid structure of the diversion process, combined with treatment and education programs, screening for any addictions to substances, and a review of the mental health of the Defendant will go further towards rehabilitation and family reunification than proceeding with the prosecution at this time, given the support of the victims and lack of serious bodily injury.

## CONCLUSION

Based on the above, Defendant's Motion for Diversion is hereby GRANTED. A trial setting will be held on July 7, 2009.

**IT IS SO ORDERED** this 1st day of July, 2009.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagatna, Guam.

JUL 2009

Domingo M. Nero.

_____
**Alberto C. Lamorena III**
Presiding Judge
Superior Court of Guam

-2-